UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | Criminal Number |
| v. | : | 3:06CR137 (CFD) |
| | : | |
| RONALD E. FERGUSON, | : | |
| CHRISTOPHER P. GARAND, | : | |
| ROBERT D. GRAHAM, | : | |
| CHRISTIAN M. MILTON, and | : | |
| ELIZABETH A. MONRAD | : | |
| | : | |

## RULING ON TEACHERS' RETIREMENT SYSTEM OF LOUISIANA'S MOTION FOR RECONSIDERATION OF THE COURT'S RULING ON RESTITUTION

Teachers' Retirement System of Louisiana's ("TRSL") motion for reconsideration of the Court's October 31, 2008 Ruling on Restitution [Dkt. # 1170] is DENIED.

In its October 31, 2008 ruling on restitution, the Court did consider American International Group, Inc.'s ("AIG") $5 million fee to General Reinsurance Corp. ("Gen Re"). The MVRA

> shall not apply in the case of an offense [against property under Title 18] if the court finds, from facts on the record, that . . . (B) determining complex issues of fact related to the cause or amount of the victim's losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process.

18 U.S.C. § 3663A(c)(3). The Senate Report that accompanied the MVRA's enactment further provides that it was Congress' intent "that courts order full restitution to all identifiable victims of covered offenses, while guaranteeing that the sentencing phase of criminal trials do not become fora for the determination of facts and issues better suited to civil proceedings." S. Rep. No. 104-179, at 18 (1995), as reprinted in 1996 U.S.C.C.A.N. 924, 931. "In all cases, it is the committee's intent that highly complex issues related to the cause or amount of a victim's loss not

be resolved under the provisions of mandatory restitution." Id. at 19.  There are many complex issues of fact and causation concerning the $5 million fee.  Determining these complex issues would unduly complicate and prolong the sentencing process.[1]

SO ORDERED this   5th   day of December, 2008, at Hartford, Connecticut.

 /s/ Christopher F. Droney
**CHRISTOPHER F. DRONEY**
**UNITED STATES DISTRICT JUDGE**

---

[1] The Court also notes that on March 30, 2008, the parties filed a stipulation [Dkt. # 1014] as to the Superseding Indictment's $5 million forfeiture allegation that represented the fee received by Gen Re.  The parties stipulated that judgment shall enter against each of the five defendants on the forfeiture allegation, and that such judgment shall consist of $5 million forfeiture money judgment for which each defendant is jointly and severally liable.  Gen Re has agreed to make this payment to the government 30 days before the earliest of the sentencing dates of the defendants.