

U.S. Department of Justice

*United States Attorney*
*District of Connecticut*

Connecticut Financial Center     (203)821-3700
157 Church Street     Fax (203) 773-5378
25ᵗʰ Floor
New Haven, Connecticut 06510     www.justice.gov/usao/ct

**June 22, 2012**

Alan M. Vinegrad, Esq.
Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1404
avinegrad@cov.com

       Re:    <u>United States v. Robert D. Graham</u>, 3:06cr137(VLB)

Dear Mr. Vinegrad:

     This letter confirms the deferred prosecution agreement (the "Agreement") entered into between your client, Robert D. Graham (the "defendant"), and the United States Attorney's Office for the District of Connecticut, the United States Attorney's Office for the Eastern District of Virginia, and the Fraud Section of the U.S. Department of Justice, Criminal Division (the "Government"), concerning the referenced criminal matter.

<u>Background</u>

     1.    The defendant was charged in a Superseding Indictment on September 20, 2006 with conspiracy, securities fraud, false statements to the Securities and Exchange Commission ("SEC"), and mail fraud. The defendant has pleaded not guilty to the Superseding Indictment.

2. On February 25, 2008, a jury found the defendant guilty on all counts with which he was charged in the Superseding Indictment. On April 30, 2009, the defendant was sentenced to, among other things, 12 months and one day in prison and ordered to pay a fine of $100,000. The defendant remained free on bond pending appeal.

3. On August 1, 2011, the United States Court of Appeals for the Second Circuit vacated the defendant's criminal convictions and remanded the case for a new trial.

4. The defendant has been on pretrial supervision since February 2006.

<u>**Terms and Conditions**</u>

5. The defendant agrees to the following conditions:

   a) He shall make a payment of $100,000 as a fine within one month of the effective date of this agreement.

   b) He shall refrain from violation of any law (federal, state or local), excluding minor traffic offenses such as speeding. He shall immediately contact his supervising U.S. Pretrial Services Officer if arrested or questioned by a law-enforcement officer.

   c) He shall associate only with law-abiding persons.

   d) He shall notify his supervising U.S. Pretrial Services Officer prior to traveling outside the United States.

   e) He shall notify his supervising U.S. Pretrial Services Officer immediately of any change in his place of residence.

   f) He shall follow his supervising U.S. Pretrial Services Officer's instructions and advice.

      g)      He shall report to his supervising U.S. Pretrial Services Officer as directed.

6. The Government shall recommend to the Court, pursuant to Title 18, United States Code, Section 3161(h)(2), that prosecution of the defendant in the above-referenced case be deferred for a period of twelve months.

7. The defendant shall consent to a motion, the content of which will have been agreed to by the parties, to be filed by the Government with the Court, pursuant to Title 18, United States Code, Section 3161(h)(2), in which the Government will present this Agreement to the Court and move for a continuance of all further criminal proceedings, including trial, for a period of twelve (12) months, and for speedy trial exclusion in the interest of justice for all time covered by such a continuance, and for approval by the Court of this deferred prosecution.

8. The defendant agrees to waive and does hereby expressly waive any and all rights to a speedy trial pursuant to the Sixth Amendment of the United States Constitution, Title 18, United States Code, Section 3161, Federal Rule of Criminal Procedure 48(b), and any applicable Local Rules of the United States District Court for the District of Connecticut for the period that this Agreement is in effect.

9. The Government agrees that if the defendant is in compliance in all material respects with all of his obligations under this Agreement, the United States, within five (5) days of the expiration of the time period set forth in Paragraph 6, above, shall seek dismissal with prejudice of the filed Superseding Indictment against the defendant. However, should the Government provide notice in the final 30 days of the Agreement that the defendant has committed a willful and material breach of any provision of this Agreement, the period of the deferred prosecution shall be extended for a period of 30 days to permit the parties to seek to resolve the alleged breach pursuant to the terms of paragraph 12.

10. The defendant and the Government understand that the agreement to defer prosecution of the defendant must be approved by the Court, in accordance with Title 18, United States Code, Section 3161(h)(2). Should the Court decline to approve a deferred prosecution for any reason, both the Government and the defendant are released from any obligation imposed upon them by this Agreement, and this Agreement shall be null and void.

**Relevant Considerations**

11. The Government has taken into account a number of relevant considerations in entering into this Agreement with the defendant, including, but not limited to, the following:

   a) The decision by the United States Court of Appeals for the Second Circuit vacating the defendant's convictions and remanding his case for a new trial;

   b) The conduct underlying the loss portfolio transfer ("LPT") transaction at issue in the Superseding Indictment took place approximately twelve years prior to the date of this agreement and the evidentiary challenges this passage of time would present for all parties;

   c) The significant government resources that a retrial and any subsequent appeal by the defendant, if convicted, would require;

   d) The fact that, as part of this agreement, the defendant has agreed to pay a fine of $100,000, which was part of the original sentence handed down in this case;

   e) The fact that the defendant has been permanently barred from serving as a director or officer of a public company pursuant to the Final Judgment as to Defendant Robert Graham, entered in the U.S. District Court for the Southern District of New York in <u>Securities and Exchange</u>

<u>Commission v. Ferguson, et al.</u>, 06 CV 0778, on September 25, 2009;

f) The defendant

   (1) recognizes that aspects of the LPT transaction were fraudulent; and

   (2) does not dispute that (a) the LPT transaction was highly unusual, (b) red flags suggested that the transaction would be improperly accounted for, which he disregarded, and (c) he should have attempted to stop it from going forward, but instead continued to participate in it.

**Procedures in Case of Breach**

12. Should the Government determine that the defendant has committed a willful and material breach of any provision of this Agreement, the Government shall provide written notice to the defendant of the alleged breach and provide the defendant with a thirty (30) day period in which to make a presentation to the Government to demonstrate that no breach has occurred or, to the extent applicable, that the breach is not willful or material or has been cured. The parties hereto expressly understand and agree that should the defendant fail to make a presentation within the time period, it shall be presumed that the defendant is in willful and material breach of this Agreement.

13. The parties agree that the Court shall decide whether a breach has occurred, and agree that the party claiming a breach must prove the breach by a preponderance of the evidence.

**Other Provisions**

14. The defendant and the Government agree that, upon acceptance by the Court, this Agreement and an Order deferring

prosecution shall be publicly filed in the United States District Court for the District of Connecticut.

15. The defendant expressly acknowledges that he is not a "prevailing party" within the meaning of Public Law 105-119, section 617 ("the Hyde Amendment") with respect to any count in the Indictment or Superseding Indictment, including any counts that may be dismissed pursuant to this Agreement, and will not file any claim under that law.

16. The defendant acknowledges that he is entering into this Agreement without reliance upon any discussions between the Government and his (other than those described in this Agreement), without promise of benefit of any kind (other than the terms of this Agreement), and without threats, force, intimidation, or coercion of any kind. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

17. This Agreement does not become effective unless and until it and the deferred prosecution agreements of each of the defendant's four co-defendants in this case are accepted by the Court.

18. Nothing in this agreement precludes the defendant from taking any good faith position in litigation to which the Government is not a party.

19. The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this Agreement, and none will be entered into unless set forth in writing, signed by all the parties.

Very truly yours,

MICHAEL J. GUSTAFSON
ATTORNEY FOR THE UNITED STATES
ACTING UNDER AUTHORITY
CONFERRED BY 28 U.S.C. § 515

BY: _____
ERIC J. GLOVER
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF CONNECTICUT

JACK HANLY
ASSISTANT UNITED STATES ATTORNEY
EASTERN DISTRICT OF VIRGINIA

ALBERT B. STIEGLITZ, JR.
TRIAL ATTORNEY
CRIMINAL DIVISION, FRAUD SECTION
UNITED STATES DEPARTMENT OF JUSTICE

The defendant certifies that he has read this deferred prosecution agreement letter and its attachment(s), that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

_____        JUNE 22, 2012
ROBERT D. GRAHAM                       Date
The Defendant

    I have thoroughly read, reviewed and explained this deferred prosecution agreement to my client who advises me that he understands and accepts its terms.

_____       6/22/12
ALAN M. VINEGRAD, ESQ.                Date
Attorney for the Defendant